HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SEAN JOSEPH BRUNELLE,

    Plaintiff,

  v.

CAROLYN W COLVIN,

    Defendant.

CASE NO. C15-67 RBL

ORDER AFFIRMING ALJ'S FINDING OF NOT DISABLED

THIS MATTER is before the Court on Plaintiff Sean Brunelle's appeal of the administrative denial of his application for Supplemental Security Income payments [Dkt. #11]. Brunelle filed an application for SSI in January 2012, claiming he has been disabled since April 2010. Brunelle suffers from numerous impairments, including traumatic brain injury, anxiety, substance addiction, attention deficit disorder/attention deficit hyperactivity disorder, and organic mental disorders.

Administrative Law Judge Tom Morris denied Brunelle's claim in June 2013, finding him not disabled. His decision functions as the Commissioner's for purposes of Brunelle's 42 U.S.C. § 405(g) appeal. In evaluating Brunelle's claim, the ALJ completed the standard five-step sequential evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. §

404.1520; 20 C.F.R. § 416.920. The ALJ found that Brunelle was not engaged in substantial gainful activity under step one, and that Brunelle suffers from severe impairments under step two. In step three, the ALJ determined that Brunelle does not have impairments that meet the *Listings of Impairments* contained in 20 C.F.R. § 404. In step four, the ALJ determined Brunelle's Residual Functional Capacity (RFC) allowed him to perform a full range of work at all exertional levels, so long as he had only minimal social interaction:

> [Brunelle] can perform simple, routine tasks with customary breaks and lunch; he can have occasional contact with the public for work tasks; he can have occasional contact with coworkers and supervisors; there should have [sic] an emphasis on occupations/duties dealing with things/objects rather than people.

Dkt. # 9-2 at 23. In step five, the ALJ determined Brunelle is qualified for past relevant work and identified other occupations in the national economy that he could perform. *See* Dkt. #9-2 at 28–29. The Appeals Council declined review.

Brunelle argues that his various impairments prevent him from staying on task at work. He alleges the ALJ erred by rejecting the generally consistent opinions of several examining psychologists and physicians that he has limited ability to adapt to the stresses and responsibilities of work. He also claims the ALJ's findings in steps four and five are contrary to law and fact, because the ALJ did not resolve conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles. Brunelle asks the Court to reverse the ALJ's decision and to remand for payment of benefits or supplemental proceedings.

Upon review, this Court holds that (1) the ALJ did not err in rejecting the opinions of several examining psychologists and physicians, (2) substantial evidence supports the ALJ's disability determination, and (3) the ALJ reconciled any discrepancy between the vocational expert's testimony with the Dictionary of Occupation Titles in formulating a hypothetical

question that accounted for Brunelle's limitations. Accordingly, the ALJ's determination that Brunelle is not disabled is AFFIRMED.

### I.     DISCUSSION

**A.     Standard of Review.**

This Court must uphold the Commissioner's determination that a claimant is not disabled if the Commissioner applied "proper legal standards" and her determination is supported by "substantial evidence in the record as a whole." *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

Evidence is "substantial" if a reasonable mind might accept it as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("The Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). The substantial evidence test requires that the reviewing court determine whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). If the evidence admits of more than one rational interpretation, the Commissioner's decision must be upheld. *See Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (internal citation omitted).

**B.     The ALJ Did Not Err in Rejecting the Opinions of Several Examining Physicians and Psychologists.**

Brunelle asserts that the ALJ should have credited the opinions of several examining medical professionals who opined that his various ailments may inhibit his ability to perform sustained work over the non-examining psychologists' contrary opinions. The Commissioner argues that the opinions of the psychologists and physicians is not conclusive on the issue of

disability and that the ALJ may properly reject these opinions by citing specific legitimate reasons based on substantial evidence in the record.

While "[t]he opinion of an examining physician is . . . entitled to greater weight than the opinion of a nonexamining physician," *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), the ALJ may reject the testimony of a medically acceptable treating source by providing specific legitimate reasons based on substantial evidence in the record. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ gave several germane reasons for discounting the opinions of Brunelle's examining physicians and psychologists, in part, because their opinions were inconsistent with the record and Brunelle's own testimony about his lifestyle and ability to function:

> This opinion is based upon the claimant's subjective complaints, and the claimant is not entirely credible. Furthermore, this opinion is inconsistent with the overall record, including evidence of the claimant spending the night with three different friends on a rotating basis, riding his bike, attending AA meetings,[1] spelling "world" both forwards and backwards, completing serial 3's without difficulty, and demonstrating significant improvement with medication. For these reasons, little weight is given to this opinion.

Dkt. #9-2 at 26–27. The ALJ's reasons for giving little weight to the examining professionals' opinions are substantiated by the record.

While Brunelle's own testimony and several medical opinions provide support for his disability claim, substantial evidence also supports the ALJ's finding. The Court must uphold the ALJ's determination if there is conflicting evidence to support either outcome. *See Allen*, 749 F.2d at 579.

---

[1] The ALJ's decision incorrectly states that Brunelle regularly attends AA meetings. Brunelle actually attends NA meetings, but this inconsistency does not change the Court's analysis.

### C.  Substantial Evidence Supports the Commissioner's Disability Determination.

The Court must uphold the ALJ's determination if it is supported by substantial evidence. *See Batson*, 359 F.3d at 1193.

The ALJ's disability determination was supported by opinions of reviewing psychologists (Drs. Forsyth and Eather) who concluded that Brunelle had limited capacity to perform complex tasks but could function at a job requiring simpler tasks and limited interaction with coworkers and the public. While "the opinion of a nonexamining physician cannot by itself constitute substantial evidence…" *Lester*, 81 F.3d at 831, the ALJ's finding was backed by additional evidence in the record. For example, Brunelle testified that he engages in day-to-day activities and regular social interactions inconsistent with his disability claim. He indicated that his concentration and anxiety improve markedly with medication. Dr. Widlan, an examining psychologist, also observed Brunelle is capable of performing routine tasks and following simple instructions.

Because the evidence in the record is substantial enough that a reasonable mind might accept it as adequate to support the ALJ's conclusion, the Court must AFFIRM the ALJ's determination that Mr. Brunelle is not disabled.

### D.  The ALJ Did Not Err by Failing to Reconcile the Vocational Expert's Testimony with the DOT.

At the disability hearing, the vocational expert (VE) testified that a hypothetical person with Brunelle's background, limitations, and RFC could perform past relevant work as a laborer in stores, construction worker, or landscaper. Tr. at 45–46. The VE indicated that Brunelle also qualified for work as a cleaner, janitor, or housekeeper. *Id.* The ALJ relied on this testimony in determining that Brunelle's RFC allowed him to work in occupations that exist in the national economy.

1    The ALJ has an affirmative duty to investigate any possible conflict between evidence provided by the VE and the Dictionary of Occupational Titles (DOT). *See Massachi v. Astrue*, 486 F.3d 1149, 1152–53 (9th Cir. 2007). Brunelle asserts that the VE failed to explain his testimony that Brunelle could work despite the ALJ's recommended limitations on social interaction. Brunelle contends that the ALJ's alleged failure to address this issue renders the findings in steps four and five contrary to law. The Commissioner argues the ALJ's hypothetical question to the VE properly accounted for Brunelle's limitations and that the VE's testimony did not deviate from the DOT.

After a careful examination of the transcript, the Court does not see any discrepancy between the VE's testimony and the DOT that the ALJ needed to reconcile. The ALJ instructed the VE to inform him if his testimony conflicted with the DOT. Tr. at 4. The VE acknowledged that the DOT does not address frequency of interaction with the public and coworkers. Because the DOT is silent on this issue, there was no actual deviation in the VE's testimony. Nonetheless, the ALJ accounted for Brunelle's limitations when he posed his hypothetical question to the VE:

> Q. Assume a hypothetical individual with the past jobs that were described as well as background age, education, et cetera, et cetera [as] claimant; no exertional limitations; able to do simple, routine tasks with customary breaks and lunch; *occasional contact with the public for work task; occasional contact with coworkers and supervisors*. Can the hypothetical individual perform any of the past jobs described as actually performed or generally performed in the national economy?

Tr. at 45 (emphasis added). There was no discrepancy for the ALJ to reconcile, and even if there had been, the ALJ accounted for Brunelle's limitations in the hypothetical that he posed to the VE. The ALJ appropriately relied on the VE's testimony, and his determinations in steps four and five are AFFIRMED.

## II. CONCLUSION

Because there is substantial evidence supporting the ALJ's determination that Brunelle is not disabled, the Commissioner's decision must be upheld. Brunelle's appeal of the denial of SSI benefits is DENIED, and the Commissioner's determination is AFFIRMED.

IT IS SO ORDERED.

Dated this 24th day of November, 2015.

Ronald B. Leighton
United States District Judge